JL

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Katia Zegarra Coronado,

                    Petitioner,

v.

Eric Rokosky, et al.,

                    Respondents.

No.    CV-26-01818-PHX-JCH (ASB)

**ORDER**

Petitioner filed this action under 28 U.S.C. § 2241 challenging her immigration detention.[1] (Doc. 1.)

Petitioner is a native and citizen of Peru. (*Id.* ¶ 14.) In 2024, Petitioner fled Peru after surviving two attempts on her life related to her sexual orientation. (*Id.* ¶ 22.) Petitioner traveled to Mexico City, where she waited for nearly two months attempting to secure a legal CBP One appointment to seek asylum in the United States. (*Id.* ¶ 23.) While waiting, Petitioner and "many other migrants were kidnapped by armed men" and taken across the Mexican border into the United States. (*Id.*) Petitioner was detained by Border Patrol officers on December 9, 2024. (*Id.* ¶ 24.) She volunteered to cooperate with U.S. law enforcement against her kidnappers, and because of her cooperation, Department of Homeland Security "court papers explicitly label her a 'material witness.'" (*Id.*)

---

[1] In addition to her Petition, Petitioner also filed an Emergency Motion for Temporary Restraining Order and Preliminary Injunction (Doc. 2). Because the Court is directing Respondents to promptly answer the Petition, the Court finds Petitioner is not entitled to preliminary relief at this juncture. Therefore, the Court will deny the Motion without prejudice.

TERMPSREF

On December 12, 2025, an Immigration Judge denied Petitioner's application for asylum and withholding of removal.  (*Id.* ¶¶ 25, 42.)  Petitioner filed an appeal with the Board of Immigration Appeals, which remains pending.  (*Id.* ¶ 26.)  Petitioner has sought bond on three occasions.  (*Id.* ¶ 13.)  "No action" was taken on her first two requests.  (*Id.*)  On March 11, 2025, an Immigration Judge denied her third request based on a "lack of jurisdiction."  (*Id.*)

Petitioner contends that detention, whether under 8 U.S.C. §§ 1226(a) and 1226(c), must comport with the Due Process Clause of the Fifth Amendment.  (*Id.* ¶ 30.)  She asserts her nearly 15-month detention is unreasonably prolonged and violates her due process rights.  (*Id.* ¶ 58.)  Petitioner asks the Court to order her immediate release from custody, or, alternatively, order a hearing held before an Immigration Judge within 14 days.  (*Id.* at 15.)

The Court will require Respondents to answer the Petition.

**IT IS ORDERED:**

(1)    Petitioner's Emergency Motion for Temporary Restraining Order (Doc. 2) is **denied without prejudice**.

(2)    Counsel for Petitioner must immediately serve the Petition (Doc. 1) and a copy of this Order on Respondents.

(3)    If not already issued, the Clerk of Court must issue any properly completed summonses.

(4)    The Clerk of Court must immediately transmit by email a copy of this Order and the Petition to the United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at Theo.Nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

(5)    Respondents must answer the Petition within **20 days** of the date of service. Respondent shall not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate.

- 2 -

TERMPSREF

(6)     Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, shall be printed directly from CM/ECF." CM/ECF Admin. Man. § II(D)(3) (emphasis added).  *See* http://www.azd.uscourts.gov/ sites/default/files/documents/adm%20manual.pdf.

(7)     Petitioner may file a reply within **10 days** from the date of service of the answer.

(8)     This matter is referred to Magistrate Judge Alison S. Bachus pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 18th day of March, 2026.

John C. Hinderaker
United States District Judge

- 3 -

TERMPSREF